IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BEN R. SHAPPLEY,<br><br>Plaintiff,<br><br>v.<br><br>AMEDICA CORPORATION,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:11-cv-1198-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Amedica Corporation's ("Amedica") motion to compel.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  See DUCivR 7-1(f).

In its motion, Amedica seeks compelled responses from Ben R. Shappley ("Shappley") to Amedica's Interrogatory No. 15 and Request for Production Nos. 6 and 17-20.  In his response, Shappley has indicated that he responded to Request for Production Nos. 6 and 18-20 by objecting and indicating that he did not have any responsive documents in his possession,

---

[1] See docket no. 47.

[2] See docket no. 44.

custody, or control.  In its reply memorandum, Amedica appears to abandon its arguments with respect to Request for Production Nos. 6 and 18-20 and asks for compelled responses to only Interrogatory No. 15 and Request for Production No. 17.[3]  Consequently, the court will address only Interrogatory No. 15 and Request for Production No. 17.

## ANALYSIS

The following general standards govern civil discovery in federal court.  "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).  The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  "[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or

---

[3] *See* docket no. 51 at 9.

defenses." *Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

The court now turns to the two discovery requests that are the subject of Amedica's motion. Both Interrogatory No. 15 and Request for Production No. 17 seek information from Shappley about his employment search after his termination from Amedica in November 2011. Interrogatory No. 15 seeks information from Shappley concerning each company he has contacted since November 2011 concerning potential employment. Request for Production No. 17 seeks from Shappley all documents and communications pertaining to any income received by Shappley from November 2011 to the present.

In support of its motion to compel, Amedica presents three arguments. First, Amedica argues that Shappley's post-termination employment search is relevant to Amedica's defense of resume fraud. Second, Amedica argues that Shappley's post-termination employment search is relevant to Shappley's causes of action for declaratory judgment and specific performance/injunctive relief. Finally, Amedica argues that Shappley's post-termination employment search is relevant to the issue of Shappley's mitigation of damages. Because the court has determined that Amedica's first and second arguments are dispositive of the instant motion, the court declines to reach Amedica's final argument concerning the issue of mitigation of damages. The court will address Amedica's first and second arguments in turn.

In response to Amedica's first argument, Shappley contends that information about his post-termination employment search is not relevant to Amedica's resume fraud defense.

Specifically, Shappley argues that any such information or evidence would not be admissible and that production of such information would be burdensome and would not have any material importance in resolving the issues in this case. For the following reasons, Shappley's arguments on this point fail.

First, under the broad scope of discovery defined above, the court concludes that information about Shappley's post-termination employment search is indeed relevant to Amedica's defense of resume fraud. Evidence about the information Plaintiff has provided in his resume to prospective employers since his termination from Amedica could either support or undermine Amedica's resume fraud defense. As such, the court concludes that said information is discoverable.

Second, Shappley's arguments about admissibility are premature at this stage of the case. The issue before this court is whether information about Shappley's post-termination employment search is discoverable, not whether such information will eventually be admissible. Admissibility determinations will be made by the trial judge, if necessary, at the appropriate phase of this case.

Third, the court is not persuaded either that production of the information sought would be unduly burdensome to Shappley or that production of the information would not have any material importance in resolving the issues in this case. With respect to the burden imposed on Shappley, he has provided no support for that argument other than a conclusory statement that the discovery would impose some burden on him. Further, given the court's conclusion that the

information sought is relevant and discoverable, it logically follows that the court views the information as having importance in resolving the issues in this case.

The court now turns to Amedica's second argument, which is that information about Shappley's post-termination employment search is relevant to Shappley's causes of action for declaratory judgment and specific performance/injunctive relief. As part of those causes of action, Shappley alleges that his termination from Amedica has damaged his reputation and ability to obtain future employment.

In response to Amedica's argument, Shappley first asserts that his allegations about damage to his reputation and ability to find future employment are no longer at issue because the court denied his motion for a temporary restraining order. The court disagrees. As noted by Amedica, Shappley's complaint contains the above-referenced allegations and causes of actions, and those causes of action have not been dismissed. As such, those claims are still pending.

Shappley also argues that the discovery requests at issue would not help in resolving the issues in this case and are overly broad. Again, the court disagrees. Shappley has made the allegations that his reputation and ability to obtain future employment have been damaged. Amedica is entitled to test those allegations by discovering all information about Shappley's post-employment search, not just the narrow category of information identified by Shappley. In the court's view, the information sought by Amedica is directly relevant to the allegations and causes of action asserted by Shappley and, consequently, will help in resolving the issues in this case.

Based on the foregoing, the court concludes that the information and documents sought by Interrogatory No. 15 and Request for Production No. 17 are relevant to the claims and defenses in this case and, therefore, are discoverable. Accordingly, Amedica's motion to compel is granted, and Shappley shall be required to fully respond to the discovery requests at issue within fourteen (14) days of the date of this order.

As a final matter, the court addresses Amedica's request for an award of reasonable expenses, including attorney fees, incurred in connection with its motion to compel. Pursuant to rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, if a motion to compel is granted "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified." Fed R. Civ. P. 37(a)(5)(A)(ii). In this case, the court concludes that Shappley's arguments and objections with respect to Interrogatory No. 15 and Request for Production No. 17 were substantially justified. Consequently, Amedica's request for reasonable expenses is denied.

## CONCLUSION AND ORDER

In summary, **IT IS HEREBY ORDERED** that Amedica's motion to compel[4] is **GRANTED**. Within fourteen (14) days of the date of this order, Shappley shall fully respond to Amedica's Interrogatory No. 15 and Request for Production No. 17.

**IT IS SO ORDERED**.

DATED this 29th day of August, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 44.